IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


DEION L. SWEETING,

                    Plaintiff,
         vs.                                 Civil Action 2:13-cv-941
                                             Judge Graham
                                             Magistrate Judge King
NOBLE CORRECTIONAL INSTITUTION,
*et al.*,

                    Defendants.


<u>OPINION AND ORDER</u>

        Plaintiff filed this action on September 23, 2013.  *Complaint*,
Doc. No. 1.  The handwritten *Complaint*, which names ten (10)
individuals, is 10 pages long, but totals 91 pages with attached
exhibits.  *Id.*  The docket reflects that summons forms and Marshals'
service forms were mailed to plaintiff on September 25, 2013.  In
October 2013, plaintiff was advised that, should he provide a copy of
the *Complaint*, a summons and a Marshals' service form for each
remaining defendant, the United States Marshals Service would effect
service of process on those defendants.  *Order*, Doc. No. 8.  In
December 2013, plaintiff was warned that the claims against any
defendant not served with process within 120 days after the filing of
the *Complaint*, *i.e.*, January 23, 2014, may be dismissed.  *Order*, Doc.
No. 13 (citing Fed. R. Civ. P. 4(m)).

        Thereafter, in a filing docketed the day after that deadline, but
apparently dated "1/16/14" by plaintiff, plaintiff alleged that

defendants had retaliated against him by interfering with his access to the courts in this litigation. *Notice*, Doc. No. 18. Construing this filing as a motion for an extension of time, the Court noted that it may extend the deadline for effecting service upon a showing of good cause. *Order*, Doc. No. 19, pp. 2-3 (quoting Fed. R. Civ. P. 4(m) and *Nafzinger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006)). Although the Court was not persuaded that plaintiff had established the necessary good cause, plaintiff was nevertheless granted an additional month - until February 24, 2014 – in which to effect service of process. *Id*. at 3. In extending the time for service, the Court explicitly advised plaintiff that he "**must provide a copy of the *Complaint* (with attached exhibits), a summons and a Marshals service form for each defendant.**" *Id*. (emphasis in original). The Court further advised that plaintiff's failure to do so by February 24, 2014 would result in the dismissal of the action, without prejudice, for failure to effect timely service of process. *Id*.

In a filing received by the Court shortly before that extended deadline, plaintiff again complained that defendants had retaliated against him by interfering with his access to the courts in this litigation. Doc. No. 20. Plaintiff attached supporting documents that purportedly established compliance with the service deadline. *Id*. (attaching a letter addressed to the Clerk of this Court, dated February 13, 2014, asking if the Clerk had received 13 copies of the Marshals service form, 13 summonses and 13 copies of the *Complaint*

2

that had purportedly been mailed by plaintiff on January 22, 2014, and attaching a receipt (or "cash slip") for postage in the amount of $6.60 that purportedly reflected the postage costs associated with this claimed mailing).  *Id*.[1]  In concluding that plaintiff had not complied with the prior *Order*, Doc. No. 19, the Court observed that the docket reflected several filings by plaintiff but did not reflect the required service-related documents.  *Order*, Doc. No. 21, pp. 2-3. Despite this non-compliance, the Court nevertheless granted plaintiff one, final extension of time – until April 7, 2014 – in which to take all action necessary to allow the United States Marshals Service to effect service of process on each defendant.  *Id*. at 3.  The Court reminded plaintiff "**that he must provide a copy of the *Complaint* (with attached exhibits), a summons and a Marshals service form for each defendant**."  *Id*. (emphasis in the original).  The Court also advised plaintiff that he had the option of amending the *Complaint* to reduce the length of the pleading or the number of named defendants.  *Id*. at 3 n.3.  Plaintiff was further warned that his failure to take all action necessary for service "by April 7, 2014 will result in the dismissal of the action, without prejudice, for failure to effect timely service of process.  **There will be no further extension of this deadline.**"  *Id*. at 3 (emphasis in original).

In a motion docketed March 31, 2014, plaintiff now seeks yet another extension of time in which to effect service of process.

---

[1] The cash slip indicated that the mailing was mailed by the United States Postal Service on "1-22-14," *id*.; a filing by plaintiff was docketed on January 24, 2014.  *Notice,* Doc. No. 18.

*Motion for Time Extension Under Fed. R. Civ. Proc. R. 6*, Doc. No. 22.
Plaintiff complains that he lacks money to pay for the copies
necessary to effect service of process on all defendants. *Id.* at 1;
*Declaration of Plaintiff Deion L. Sweeting*, Doc. No. 22-1 ("*Sweeting
Declaration*"), pp. 1-2, attached thereto. Plaintiff also complains
that the prison librarian is on vacation and that the substitute
librarian has limited time to assist in plaintiff's institution. *Id.*
at 2. Plaintiff further alleges that defendant Grey, relying on
prison policy and/or regulation, blocked his access to the courts by
refusing to provide free photocopying services to plaintiff. Doc. No.
22, pp. 2-3; *Sweeting Declaration*. Plaintiff also alleges that he was
transferred, without reason, to a lower-paying job, effectively
depriving him of funds necessary to effect service. Doc. No. 22, p.
1; *Sweeting Declaration*, pp. 1-2.

As discussed *supra*, a plaintiff must establish good cause for
failing to complete service of process in order to extend the deadline
to effect such service and avoid dismissal of the action. Fed. R.
Civ. P. 4(m); *Nafzinger*, 467 F.3d at 521. Plaintiff has failed to
establish the required good cause. Plaintiff complains that he lacks
the funds necessary to make the required number of photocopies. The
right of access to the courts does not entitle a prisoner to free
access to photocopying services. *See, e.g., Bell-Bey v. Toombs*, 1994
WL 105900 (6th Cir. March 28, 1994)("[T]he law is settled that an
inmate does not enjoy a federal constitutional right to unlimited free
photocopying services"). Moreover, the Court has previously advised

4

plaintiff that he could amend the *Complaint* to reduce the length of
the pleading and/or the number of named defendants.  *Order*, Doc. No.
21, p.3 n.3.  Plaintiff's accusations against defendant Grey are
similarly unavailing.  Plaintiff previously suggested that he had the
requisite number of copies of documents for service and that it was
only interference by prison officials that kept him from mailing those
copies.  *See* Doc. No. 20.  Plaintiff now argues that he cannot afford
photocopies, but as discussed *supra*, plaintiff has no constitutional
right to unlimited photocopying services and, in any event, has the
option of reducing the length of his *Complaint*, including *inter alia*,
the number of exhibits and/or the number of named defendants.  He also
remains free, of course, to copy the *Complaint* by hand.  Moreover,
plaintiff's own submission demonstrates that defendant Grey has
provided plaintiff with legal kits and free postage when sending legal
materials, as required by regulation.  Doc. No. 22-2, pp. 11-16.
Defendant Grey also offered to provide plaintiff with paper, which
plaintiff rejected.  *Id*. at 15.  Plaintiff's vague complaints that a
prison librarian has limited time to assist him does nothing to
explain why, in approximately six months, plaintiff has failed to
provide the requisite number of copies of the *Complaint* to effect
service of process on each of the 10 named defendants.  Finally,
plaintiff's allegation that he was transferred to a lower-paying job
in January 2014 does not explain why he failed to provide the
necessary number of copies when he occupied the higher-paying
position.

In short, this case has been pending for more than six months and plaintiff has failed to establish good cause for yet another extension of the deadline to effect service of process.

**WHEREUPON**, plaintiff's *Motion for Time Extension Under Fed. R. Civ. Proc. R. 6*, Doc. No. 22, is **DENIED. The deadline for plaintiff to take all action necessary to permit the United States Marshals Service to effect service of process on each defendant remains April 7, 2014.** Plaintiff is **REMINDED** that he must provide a copy of the *Complaint* (with attached exhibits), a summons and a Marshals service form for each defendant. **Plaintiff's failure to do so by April 7, 2014 will result in dismissal of this action, without prejudice, for failure to effect timely service of process. There will be no further extension of this deadline.**


April 3, 2014                              *s/Norah McCann King*
                                         Norah M<sup>c</sup>Cann King
                                   United States Magistrate Judge


6