**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


DEION L. SWEETING,

                 **Plaintiff,**

      **vs.**                                  **Civil Action 2:13-cv-941**
                                           **Judge Graham**
                                         **Magistrate Judge King**

NOBLE CORRECTIONAL INSTITUTION,
*et al.*,

                 **Defendants.**


<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff filed this action on September 23, 2013. *Complaint*, Doc. No. 1. The handwritten *Complaint* names ten (10) individuals and totals 91 pages with attached exhibits. *Id.* The docket reflects that summons forms and Marshals' service forms were mailed to plaintiff on September 25, 2013. In October 2013, the Court advised plaintiff that, should he provide a copy of the *Complaint*, a summons and a Marshals' service form for each remaining defendant, the United States Marshals Service would effect service of process on those defendants. *Order*, Doc. No. 8. In December 2013, the Court warned plaintiff that the claims against any defendant not served with process within 120 days after the filing of the *Complaint*, *i.e.*, January 23, 2014, may be dismissed. *Order*, Doc. No. 13 (citing Fed. R. Civ. P. 4(m)).

Thereafter, in a filing docketed the day after that deadline, but apparently dated "1/16/14" by plaintiff, plaintiff alleged that defendants had retaliated against him by interfering with his access

to the courts in this litigation.  *Notice*, Doc. No. 18.  Construing
this filing as a motion for an extension of time, the Court noted that
it may extend the deadline for effecting service upon a showing of
good cause.  *Order*, Doc. No. 19, pp. 2-3 (quoting Fed. R. Civ. P. 4(m)
and *Nafzinger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir.
2006)).  Although the Court was not persuaded that plaintiff had
established the necessary good cause, plaintiff was nevertheless
granted an additional month - until February 24, 2014 – in which to
effect service of process.  *Id*. at 3.  In extending the time for
service, the Court explicitly advised plaintiff that he "**must provide
a copy of the *Complaint* (with attached exhibits), a summons and a
Marshals service form for each defendant.**"  *Id*. (emphasis in
original).  The Court further advised that plaintiff's failure to do
so by February 24, 2014 would result in the dismissal of the action,
without prejudice, for failure to effect timely service of process.
*Id*.

In a filing received by the Court shortly before that extended
deadline, plaintiff again complained that defendants had retaliated
against him by interfering with his access to the courts in this
litigation.  Doc. No. 20.  Plaintiff attached supporting documents
that purportedly established compliance with the service deadline.
*Id*. (attaching a letter addressed to the Clerk of this Court, dated
February 13, 2014, asking if the Clerk had received 13 copies of the
Marshals service form, 13 summonses and 13 copies of the *Complaint*
that had purportedly been mailed by plaintiff on January 22, 2014, and

attaching a receipt (or "cash slip") for postage in the amount of $6.60 that purportedly reflected the postage costs associated with this claimed mailing). *Id.*[1] In concluding that plaintiff had not complied with the prior *Order*, Doc. No. 19, the Court observed that the docket reflected several filings by plaintiff but did not reflect the required service-related documents. *Order*, Doc. No. 21, pp. 2-3. Despite this non-compliance, the Court nevertheless granted plaintiff one, final extension of time - until April 7, 2014 - in which to take all action necessary to allow the United States Marshals Service to effect service of process on each defendant. *Id.* at 3. The Court reminded plaintiff "**that he must provide a copy of the *Complaint* (with attached exhibits), a summons and a Marshals service form for each defendant.**" *Id.* (emphasis in the original). The Court also advised plaintiff that he had the option of amending the *Complaint* to reduce the length of the pleading or the number of named defendants. *Id.* at 3 n.3. Plaintiff was further warned that his failure to take all action necessary for service "by April 7, 2014 will result in the dismissal of the action, without prejudice, for failure to effect timely service of process. **There will be no further extension of this deadline.**" *Id.* at 3 (emphasis in original).

Notwithstanding this warning, plaintiff again sought yet another extension of time in which to effect service of process. Doc. No. 22. In his motion docketed on March 31, 2014, plaintiff complained that he

---

[1] The cash slip indicated that the mailing was mailed by the United States Postal Service on "1-22-14," *id.*; a filing by plaintiff was docketed on January 24, 2014. *Notice*, Doc. No. 18.

lacked money to pay for the copies necessary to effect service of process on all defendants; that a substitute prison librarian had limited time to assist in plaintiff's institution; that defendant Grey blocked his access to the courts by refusing to provide free photocopying services to plaintiff; and that plaintiff had been transferred, without reason, to a lower-paying job, effectively depriving him of funds necessary to effect service. *Id.* In denying the requested extension of time, the Court concluded that plaintiff had failed to establish the required good cause under Fed. R. Civ. P. 4(m). *Opinion and Order*, Doc. No. 23, pp. 4-5. More specifically, the Court noted that the right of access to the courts does not entitle a prisoner to free access to photocopying services and that the Court had previously advised plaintiff that he could amend the *Complaint* to reduce the length of the pleading and/or the number of named defendants. *Id.* The Court also examined and rejected plaintiff's accusations against defendant Grey, finding, *inter alia*, that plaintiff's own submission established that defendant Grey provided plaintiff with legal kits and free postage for legal materials and, further, that defendant Grey had offered to provide paper to plaintiff, an offer that plaintiff rejected. *Id.* at 5. Plaintiff's vague complaints that a prison librarian had limited time to assist him did not explain why, in approximately six months, plaintiff had failed to provide the requisite number of copies of the *Complaint* to effect service of process on each of the 10 defendants named by plaintiff. *Id.* The Court further concluded that plaintiff's

allegation that he had been transferred to a lower-paying job in January 2014 did not explain why he had failed to provide the necessary number of copies when he occupied the higher-paying position.  *Id.*  In denying plaintiff's most recent motion for extension of time, the Court reminded plaintiff that the deadline to effect service of process on each defendant remained April 7, 2014 and that he must provide a copy of the *Complaint* (with attached exhibits), a summons and a Marshals service form for each defendant.  *Id.* at 6. The Court warned plaintiff that his "**failure to do so by April 7, 2014 will result in dismissal of this action, without prejudice, for failure to effect timely service of process.  There will be no further extension of this deadline.**"  *Id.* (emphasis in original). To date, the Court has received nothing further from plaintiff.

This case has now been pending for more than six months. Although plaintiff has been advised on multiple occasions of the need to effect service of process – and of the steps necessary in order to do so – and although plaintiff has been granted numerous extensions of time in which to effect service of process, plaintiff has nevertheless failed to take the action necessary to permit the United States Marshals Service to effect timely service of process on each defendant.

**WHEREUPON**, it is **RECOMMENDED** that this action be dismissed for failure to effect service of process under Fed. R. Civ. P. 4(m).

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*,

specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

April 11, 2014                          *s/Norah McCann King*
                                    Norah M<sup>c</sup>Cann King
                              United States Magistrate Judge

6