```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

Deion L. Sweeting,

      Plaintiff,

   v.                              Case No. 2:13-cv-941

Noble Correctional Institution,
et al.,

      Defendants.

ORDER

    Plaintiff filed this civil rights action against the Noble Correctional Institution and ten individual defendants on September 23, 2013. The complaint, including attached exhibits, is ninety-one pages long. On November 21, 2013, this court adopted the October 29, 2013, report and recommendation of the magistrate judge and dismissed the claims against the Noble Correctional Institution due to lack of subject matter jurisdiction, noting that the case would proceed as to the individual defendants. See Doc. 12. On April 11, 2014, the magistrate judge issued a report and recommendation recommending that this action be dismissed without prejudice for failure to effect service of process on the individual defendants as required under Fed. R. Civ. P. 4(m). See Doc. 24. This matter is now before the court for consideration of the report and recommendation.

    On April 18, 2014, plaintiff filed timely objections to the report and recommendation pursuant to Fed. R. Civ. P. 72(b). If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

The record in the instant case indicates that the summons and marshal's service forms were mailed to plaintiff on September 25, 2013. He was advised by order dated October 29, 2013, that if he provided a copy of the complaint and a summons and service form for each individual defendant, they would be served by the Marshal's Service. See Doc. 8, p. 2. Plaintiff was notified by order dated December 11, 2013, that any claims against any defendant not served with process within 120 days after the filing of the complaint (i.e., a deadline of January 23, 2014) may be dismissed. See Doc. 13.

In a document filed on January 24, 2014, but dated January 16, 2014, plaintiff summarily alleged that defendants had interfered with his access to courts in this case by filing unfounded incident reports which decreased his state pay, thereby impairing his ability to pay for postage. Doc. 18. The magistrate judge construed this document as a motion for extending the deadline for effecting service of process. Although the magistrate judge was not persuaded that plaintiff had shown good cause, noting the large number of other filings which had been submitted by plaintiff since the commencement of this action, an extension until February 24, 2014, was granted. See Doc. 19, p. 3. Plaintiff was again advised that he was required to provide a copy of the complaint with attached exhibits, a summons and a marshal's service form for each

2

defendant, and that failure to do so by February 24, 2014, would result in the dismissal of the action without prejudice for failure to effect timely service of process. Doc. 19, p. 3.

In a document filed on March 6, 2014, plaintiff again claimed that the defendants had retaliated against him by interfering with his access to courts by issuing "tickets" for sanctions. Doc. 20. He also submitted a copy of a February 13, 2014, letter addressed to the clerk of this court inquiring whether the clerk had received thirteen copies of the marshal's service form, thirteen summonses, and thirteen copies of the complaint which he allegedly mailed on January 22, 2014, as well as a receipt for $6.60 in postage. In an order dated March 6, 2014, the magistrate judge noted that the docket of this case did not reflect the receipt by the clerk of these service-related documents. Doc. 21. The magistrate judge also observed that a filing from plaintiff was docketed on January 24, 2014, but that this filing did not include the documents required for service. Doc. 21, p. 2. The magistrate judge further commented that postage of $6.60 would not be adequate to cover a mailing of documents consisting of over 1,100 pages which would be required for service. Doc. 21, p. 3. Nonetheless, the magistrate judge granted plaintiff one final extension until April 7, 2014, to provide the documents necessary for service. See Doc. 21, pp. 2-3. Plaintiff was advised that he had the option of amending the complaint to reduce the length of the pleading or the number of named defendants. Doc. 21, p. 3 n. 3. Plaintiff was also warned that his failure to take all action necessary for service by April 7, 2014, "will result in the dismissal of the action, without prejudice, for failure to effect timely service of process. **There**

3

**will be no further extension of this deadline.**" Doc. 21, p. 3 (emphasis in original).

On March 31, 2014, plaintiff filed another motion for an extension of time in which to effect service of process. Doc. 22. He claimed that he lacked the funds necessary to pay for the required copies; that a substitute prison librarian filling in for the regular librarian, who was on vacation, had limited time to assist in plaintiff's institution; that defendant Grey refused to provide free photocopying services; and that plaintiff had been transferred without reason to a lower-paying job, thereby depriving him of the funds necessary to effect service.

By order filed on April 3, 2014, the magistrate judge found that plaintiff had failed to establish good cause as required under Rule 4(m) for another extension of time to effect service. Doc. 23, pp. 4-5. The magistrate judge noted that the right of access to the courts does not entitle a prisoner to free access to photocopying services. Doc. 23, p. 4 (citing Bell-Bey v. Toombs, 1994 WL 105900 (6th Cir. March 28, 1994)). The order further stated that plaintiff had the option of amending the length of his complaint by omitting exhibits or by reducing the number of named defendants to mitigate his copying expenses, and that he was free to copy the complaint by hand. Doc. 23, p. 5. The magistrate judge commented that plaintiff's vague complaints that a substitute prison librarian had limited time to assist him did not explain plaintiff's six-month failure to provide the required copies. Doc. 23, p. 5. The magistrate judge also rejected plaintiff's allegations about defendant Grey allegedly refusing to provide plaintiff with free copies. The magistrate judge noted that even

4

plaintiff's motion demonstrated that defendant Grey had provided plaintiff with legal kits and free postage when sending legal materials, as required under prison regulations, and that he offered to provide plaintiff with paper, an offer which plaintiff rejected.  Doc. 23, p. 5.  Finally, the magistrate judge concluded that good cause was not established by plaintiff's transfer to a lower-paying job in January, 2014, because this did not explain why plaintiff failed to provide the necessary number of copies when he held a higher-paying job.  Doc. 23, p. 5.

Plaintiff was advised that the deadline for taking all action necessary to effect service of process was April 7, 2014, that failure to comply by that date would result in the dismissal of the action without prejudice for failure to effect timely service of process, and that there would be no further extension of this deadline.  Doc. 23, p. 6.  Plaintiff failed to comply with this deadline, thus prompting the magistrate judge to recommend the dismissal of this action without prejudice.  See April 11, 2014, Report and Recommendation, Doc. 24, p. 5.

In his objections to the report and recommendation, plaintiff again makes conclusory allegations characterizing his transfer to a lower-paying job as retaliation interfering with his access to courts.  Plaintiff states that he does not have the funds for the required copies, as previous deductions for legal mailing and copies used all of the funds in his prison account.  Plaintiff acknowledges that his inability to provide the required copies is due to the lack of funds in his prison account, and that he has no constitutional right to free copying services.  Plaintiff has filed a declaration (Doc. 27) in which he states that his account balance

5

in February of 2014 was $3.00 after deductions for child support, computer copying and indigent mailing, and that all of his account funds were taken in March of 2014 by the Legal Department. Plaintiff seeks another extension until he is released from the institution on May 16, 2014. However, plaintiff states that he does not currently have the funds to pay for copying, and he does not indicate exactly how or when he will have the necessary funds after his release from incarceration.

    The court agrees with the conclusion of the magistrate judge that plaintiff failed to show good cause for not completing service of process so as to warrant a further extension of the deadline to effect service. Plaintiff does not explain why he failed to provide the requisite number of copies of the complaint and service forms in the three months prior to being transferred to a lower-paying job. This action has now been pending for seven months. Plaintiff repeatedly failed to comply with the deadlines established by the magistrate judge for perfecting service of his complaint. He did not act on the suggestions offered by the magistrate judge which would have reduced his copying expenses, such as eliminating exhibits, reducing the number of defendants, or providing hand-written copies of the complaint. Despite being granted two extensions for submitting the materials required for service of process, plaintiff failed to meet the April 7, 2014, deadline.

    The magistrate judge did not err in denying a further extension to perfect service of process. The court accepts the findings and recommendation of the magistrate judge, and agrees that this action should be dismissed without prejudice pursuant to

Rule 4(m) due to plaintiff's failure to complete service of process. This court denies plaintiff's objections (Docs. 26 and 27) and adopts the report and recommendation (Doc. 24). This action is hereby dismissed without prejudice pursuant to Rule 4(m) for failure to effect service of process. Plaintiff's motions for a temporary restraining order (Docs. 3 and 14), for a protective order (Doc. 16), and to amend the complaint (Doc. 17) are denied without prejudice.

Date: April 24, 2014                    s/James L. Graham
                                        James L. Graham
                                        United States District Judge